THE STATE EX REL. BARCLAYS BANK PLC ET AL. *v.* COURT OF
COMMON PLEAS OF HAMILTON COUNTY, OHIO ET AL.

[Cite as *State ex rel. Barclays Bank PLC v. Hamilton Cty.*
*Court of Common Pleas* (1996), 74 Ohio St.3d 536.]

(No. 95–274—Submitted October 10, 1995—Decided February 14, 1996.)

*Squire, Sanders & Dempsey, John R. Gall, Pamela H. Thurston* and *Philomena M. Dane,* for relator Barclays Bank PLC.

*Dinsmore & Shohl* and *John W. Beatty,* for intervening relator Star Bank, N.A.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Philip L. Zorn, Jr.,* Assistant Prosecuting Attorney, for respondents.

*Cohen, Todd, Kite & Stanford, Donald J. Rafferty* and *Michael R. Schmidt,* for intervenors William A. Thurner, Howard Thiemann, and estate of Arthur Dohme, Verna K. Dohme, executor.

*Lindhorst & Dreidame Co., L.P.A.,* and *James M. Moore,* for intervenors Thomas Tilsley, Durwood G. Rorie, and V. Snowden Armstrong.

---

COOK, J. The critical issue in this case is whether a court has subject matter jurisdiction to issue an injunction to stop payment on a letter of credit when the beneficiary of that letter of credit is not a party to the suit. Because respondents lack such jurisdiction, we find prohibition appropriate, and issue the writ.

Prohibition is an extraordinary writ and we do not grant it routinely or easily: " 'For a writ of prohibition to issue, a relator must ordinarily establish: (1) that the court against whom it is sought is about to exercise judicial power, (2) that the exercise of such power is unauthorized by law, and (3) that, if the writ is denied, he will suffer injury for which no other adequate remedy exists.' " *State ex rel. Connor v. McGough* (1989), 46 Ohio St.3d 188, 189, 546 N.E.2d 407, 408, quoting *State ex rel. Largent v. Fisher* (1989), 43 Ohio St.3d 160, 161, 540 N.E.2d 239, 240; and *State ex rel. Fyffe v. Pierce* (1988), 40 Ohio St.3d 8, 9, 531 N.E.2d 673, 674. Intervenors concede that the first prong of the prohibition tripartite test is established. In this case, the dispute centers on the second part of the test—whether the respondents' exercise of judicial power is unauthorized by law.

As to this central dispute, Barclays and intervenors agree that fraud by the beneficiary in the underlying transaction would permit a court to enjoin payment on the letter of credit.[4] In their new cases, intervenors have alleged fraud in the underlying transaction on the part of Lloyd's. Barclays asserts, however, that respondents lack subject matter jurisdiction because intervenors have not named Lloyd's, the beneficiary of the letters of credit, as a defendant in the underlying cases; therefore, no case or controversy exists, as there are no adverse litigants. Intervenors, on the other hand, contend that because R.C. 1305.13(B)(2) specifically authorizes a court to enjoin payments under letters of credit on the basis of fraud, respondents have subject matter jurisdiction.

First we note, as respondents correctly argue, that Ohio courts of general jurisdiction have authority to determine their own jurisdiction. *State ex rel. Connor v. McGough,* 46 Ohio St.3d at 189–190, 546 N.E.2d at 408; *Ohio Dept. of Adm. Serv., Office of Collective Bargaining v. State Emp. Relations Bd.* (1990), 54 Ohio St.3d 48, 562 N.E.2d 125. In the interest of judicial economy, however,

---

4. In this case, we do not reach the question of whether "fraud in the transaction" in R.C. 1305.13(B) refers to fraud between the customer and the beneficiary in the underlying investment transaction or to fraud in the separate transaction of presentment of a draft for payment.

we recognize an exception to this general rule. "When a court patently and unambiguously lacks jurisdiction to consider a matter, a writ of prohibition will issue to prevent assumption of jurisdiction regardless of whether the lower court has ruled on the question of its jurisdiction." *Ohio Dept. of Adm. Serv.*, 54 Ohio St.3d 48, 562 N.E.2d 125, at syllabus. Thus, to issue the writ of prohibition, we must find that respondents patently and unambiguously lacked jurisdiction. In determining whether respondents lack subject matter jurisdiction, we must consider the nature of the intervenors' underlying action.

In Ohio, standby letters of credit are governed by R.C. Chapter 1305. Two interrelated features of the letter of credit make it uniquely valuable in the marketplace, especially in the international market. By issuing a standby letter of credit, a bank substitutes its financial integrity as a stable credit source for that of its customer, and because of the issuing bank's primary commitment, the bank's obligation to pay is independent of the underlying transaction between the beneficiary and the bank's customer. R.C. 1305.13 (Official Comment 1 to UCC 5–114). See, *e.g., Centrifugal Casting Machine Co. v. Am. Bank & Trust Co.* (C.A.10, 1992), 966 F.2d 1348, 1352; *Aetna Life & Cas. Co. v. Huntington Natl. Bank* (C.A.6, 1991), 934 F.2d 695, 699; and *Ground Air Transfer, Inc. v. Westates Airlines, Inc.* (C.A.1, 1990), 899 F.2d 1269, 1272. The "independence principle" requires a bank issuing a standby letter of credit to honor any draw by the beneficiary that conforms to the express terms of the letter. See, *e.g., Centrifugal Casting Machine Co.*, 966 F.2d at 1352; *Aetna Life & Cas. Co.*, 934 F.2d at 699; and *Ground Air Transfer*, 899 F.2d at 1272. The great utility of the letter of credit derives from the fact that the relationships between the customer, the bank, and the beneficiary are utterly independent of one another.

As its basic premise, R.C. 1305.13 adopts the independence principle: "(A) An issuer must honor a draft or demand for payment that complies with the terms of the relevant credit regardless of whether the goods or documents conform to the underlying contract for sale or other contract between the customer and beneficiary." R.C. 1305.13(B)(2), upon which intervenors base their cause of action, states the only pertinent exception to this rule.

Where "documents appear on their face to comply with the terms of a credit," but where those documents in reality are "forged or fraudulent or there *is fraud in the transaction,*" an issuer is required to pay if the draft is presented by the equivalent of a holder in due course. (Emphasis added.) R.C. 1305.13(B)(1). In all other cases, "[a]n issuer acting in good faith may honor the draft or demand for payment despite notification from the customer of fraud, forgery, or other defect not apparent on the face of the documents *but a court of appropriate jurisdiction may enjoin such honor.*" (Emphasis added.) R.C. 1305.13(B)(2).

This statute does not authorize a court to enjoin a letter of credit unless it has appropriate jurisdiction.

The Constitution of Ohio sets forth the basic limitations on the jurisdiction of the common pleas courts. Section 4(B), Article IV of the Ohio Constitution vests the common pleas courts with "such original jurisdiction over all justiciable matters * * * as may be provided by law." This court, in interpreting Section 4(B), Article IV, has declared the following:

"It has been long and well established that it is the duty of every judicial tribunal to decide actual controversies between parties legitimately affected by specific facts and render judgments which can be carried into effect." *Fortner v. Thomas* (1970), 22 Ohio St.2d 13, 14, 51 O.O.2d 35, 36, 257 N.E.2d 371, 372. Actual controversies are presented only when the plaintiff sues an adverse party. This means not merely a party in sharp and acrimonious disagreement with the plaintiff, but a party from whose adverse conduct or adverse property interest the plaintiff properly claims the protection of the law. Thus, we hold that the presence of a disagreement, however sharp and acrimonious it may be, is insufficient to create an actual controversy if the parties to the action do not have adverse legal interests. Cf. *Diamond v. Charles* (1986), 476 U.S. 54, 62, 106 S.Ct. 1697, 1703, 90 L.Ed.2d 48, 57.

Turning to the context of this case, we find that in an action to enjoin payment on a letter of credit, the only entity with the motive and means to oppose an allegation of fraud in the transaction is the beneficiary. A beneficiary is the only entity that has an adverse legal interest. Today, we hold that an action to enjoin payment under a letter of credit or a confirmation of a letter of credit must include the beneficiary as a party in order to present an actual controversy within the common pleas court's subject matter jurisdiction.

In this case, intervenors contend that Barclays and Star Bank are adverse parties because the banks have an obligation to refuse to pay because of Lloyd's massive fraud, but the banks nonetheless are determined to continue to pay. Intervenors' argument presents a sharp and acrimonious disagreement, but intervenors did not sue the alleged wrongdoers. Intervenors' allegations of Lloyd's wrongdoing are the sole basis upon which relief can be granted and intervenors seek to foreclose Lloyd's right to payment under the letters of credit. Thus, respondents patently and unambiguously did not have subject matter jurisdiction in the underlying cases because intervenors did not sue the beneficiary of the confirmation and standby letters of credit, Lloyd's of London.

Finally, as to the third prong of the prohibition test, Barclays and Star Bank must also demonstrate that they have no adequate remedy at law. Three intervenors claim that Barclays and Star Bank are asserting nothing more than a money issue which is easily quantifiable. In this case, however, we find prohibi-

tion an appropriate remedy. When a lower court totally lacks jurisdiction, " ' "the availability or adequacy of a remedy of appeal to prevent the resulting injustice is immaterial to the exercise of supervisory jurisdiction by a superior court to prevent usurpation of jurisdiction by the inferior court." ' " *State ex rel. Largent v. Fisher* (1989), 43 Ohio St.3d 160, 163, 540 N.E.2d 239, 241, quoting *State ex rel. Racing Guild of Ohio v. Morgan* (1985), 17 Ohio St.3d 54, 56, 17 OBR 45, 47, 476 N.E.2d 1060, 1062, quoting *State ex rel. Adams v. Gusweiler* (1972), 30 Ohio St.2d 326, 329, 59 O.O.2d 387, 388, 285 N.E.2d 22, 24.

Respondents, having no subject matter jurisdiction in the underlying actions, are directed hereby to dismiss those actions.

*Writ allowed.*

MOYER, C.J., DOUGLAS, WRIGHT, F.E. SWEENEY and PFEIFER, JJ., concur.

RESNICK, J., concurs in judgment only.