[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 447.]

THE STATE EX REL. JONES, APPELLANT, *v.* GARFIELD HEIGHTS MUNICIPAL
COURT, APPELLEE.

[Cite as *State ex rel. Jones v. Garfield Hts. Mun. Court*, 1997-Ohio-256.]

*Prohibition to prevent municipal court from proceeding in a pending petty-theft*
*case—Complaint dismissed, when.*

(No. 96-1375—Submitted January 7, 1997—Decided February 19, 1997.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 70611.

———————————

{¶ 1} In May 1996, appellant, Moses E. Jones III, filed a complaint in prohibition in the Court of Appeals for Cuyahoga County. Jones sought to prevent appellee, Garfield Heights Municipal Court, from proceeding in his pending petty-theft case, *Maple Hts. v. Jones*, case No. 96-243.

{¶ 2} According to his complaint, in December 1995, Jones was charged by the city of Maple Heights with petty theft in violation of R.C. 2913.02, a misdemeanor of the first degree. Jones was accused of stealing property which had a value of less than three hundred dollars. More specifically, the criminal complaint was based on the theft of 83.4 pounds of beef short loins, valued at approximately $249. But the police report filed in connection with the alleged theft stated that 71.5 pounds of pork loins valued at approximately $89 were also stolen. The police report therefore indicated that the value of the property allegedly stolen was greater than $300.

{¶ 3} Upon learning of the police report, Jones moved to transfer the case to the Cuyahoga County Common Pleas Court. Jones contended that he should have been charged with felony theft instead of misdemeanor petty theft and that the municipal court thus lacked jurisdiction to try him. The municipal court overruled Jones's motion and set the case for jury trial.

**{¶ 4}** The court of appeals, after considering the foregoing allegations, *sua sponte* dismissed Jones's complaint for a writ of prohibition.

**{¶ 5}** The cause is now before this court upon an appeal as of right.

———————————

*Koblentz & Koblentz*, *Richard S. Koblentz* and *Craig J. Morice*, for appellant.

*Michael G. Ciaravino*, for appellee.

———————————

***Per Curiam.***

**{¶ 6}** In his propositions of law, Jones asserts that the court of appeals erred in *sua sponte* dismissing his complaint for a writ of prohibition. Although *sua sponte* dismissal of a complaint without notice is generally inappropriate, it is warranted if the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint. *State ex rel. Cossett v. State Governors Federalism Summit* (1995), 74 Ohio St.3d 1416, 655 N.E.2d 737. To be entitled to a writ of prohibition, Jones had to establish (1) that the municipal court is about to exercise judicial power, (2) that the exercise of such power is unauthorized by law, and (3) that denial of the writ will cause injury to Jones for which no other adequate legal remedy exists. *State ex rel. Barclays Bank PLC v. Hamilton Cty. Court of Common Pleas* (1996), 74 Ohio St.3d 536, 540, 660 N.E.2d 458, 461. Jones sufficiently alleged in his complaint that the municipal court would continue to exercise jurisdiction in his criminal case absent a writ of prohibition.

**{¶ 7}** Regarding the remaining requirements for a writ of prohibition, absent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging the court's jurisdiction possesses an adequate remedy by an appeal. *State ex rel. Fraternal Order of Police, Ohio Labor Council, Inc. v. Franklin Cty. Court of Common Pleas* (1996), 76 Ohio St.3d 287, 289, 667 N.E.2d 929, 931.

**{¶ 8}** Jones contends that the municipal court patently and unambiguously lacks jurisdiction to try his petty-theft case because he should have been charged with theft, a felony of the fourth degree. Under R.C. 1901.20(A), a municipal court has jurisdiction "of the violation of any misdemeanor committed within the limits of its territory." Based on Jones's own allegations, he was charged with petty theft, a misdemeanor of the first degree. Therefore, the municipal court possessed jurisdiction to proceed with Jones's criminal trial.

**{¶ 9}** Jones essentially claims that the city prosecutor undercharged him and that he should have been charged with a felony instead of a misdemeanor. But Jones's claim challenges the decision of the prosecutor in charging him, rather the jurisdiction of the municipal court. Cf. *Mootispaw v. Eckstein* (1996), 76 Ohio St.3d 383, 385, 667 N.E.2d 1197, 1199 ("[T]he decision whether to prosecute is discretionary and not normally subject to judicial review."). Unlike the defendant in the case relied on by Jones to support his claim that the municipal court lacked jurisdiction, *State v. Nelson* (1977), 51 Ohio App.2d 31, 5 O.O.3d 158, 365 N.E.2d 1268, Jones was not charged with a felony.

**{¶ 10}** Based on the foregoing, the municipal court did not patently and unambiguously lack jurisdiction over Jones's petty-theft trial, and Jones had an adequate legal remedy by an appeal to raise his "jurisdictional" claims. Because Jones obviously could not prevail on the facts alleged in his complaint, the court of appeals committed no error in *sua sponte* dismissing Jones's complaint. Therefore, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————