OPINION and JOURNAL ENTRY
On December 30, 1999, Relator, Tippecanoe Country Club, Inc., filed a Complaint in Prohibition seeking to enjoin Respondent, Ohio Civil Rights Commission, from conducting any further proceedings relative to certain complaints alleging gender discrimination in violation of R.C. 4112.02 et seq. The impetus for such original action before this court is the finding of a Commission Hearing Examiner that Tippecanoe Country Club is not a place of public accommodation and therefore the Commission lacked jurisdiction to further proceed to hear discrimination complaints filed by five women. The Hearing Examiner recommended dismissal of the complaints. (Hearing Examiner's Findings of Fact, Conclusions of Law and Recommendation dated August 9, 1999).
On January 24, 2000 Respondent filed a "Motion to Dismiss" asserting that the complaint in prohibition fails to set forth a cause of action for prohibition and further that it fails to allege sufficient facts to show that it is about to exercise jurisdiction over a matter in which it lacks jurisdiction.
Thereafter, Relator filed a response to the motion to dismiss and on February 18, 2000 Respondent filed a further reply. The motion to dismiss now comes on for decision.
We note at the outset that a writ of prohibition is not routinely or easily granted. The three criteria which must be demonstrated are found in State ex rel. White v. Junkin (1997),80 Ohio St.3d 335, as follows:
 "In order to be entitled to a writ of prohibition, a relator must establish that (1) the court or officers against whom it is sought are about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) denial of the writ will cause injury to relator for which no other adequate remedy in the ordinary course of law exists. State ex rel. Jones v. Garfield Hts. Mun. Court (1997), 77 Ohio St.3d 447, 448, 674 N.E.2d 1381, 1382."
Any inquiry must therefore consider whether the matter is ripe for an action in prohibition. For the reasons that follow we find that prohibition is not appropriate and this action must be dismissed.
Prior to a discussion of the case sub judice, we note that on December 9, 1999 Respondent had filed a petition for judicial review of the November 18, 1999 order of the Civil Rights commission reversing the Hearing Examiner's finding that it was without jurisdiction to hear the gender discrimination complaint. In a Common Pleas Court Magistrate's Decision filed January 31, 2000, it was reasoned at page 4:
 "This action has not been determined, only the interlocutory determination that the commission has jurisdiction and that respondent is a place of public accommodation. In order to be liable, however, the complaints must present reliable, probative and substantial evidence that respondent violated the prohibitions of the Ohio Civil Rights Statute. The determination of jurisdiction by the Commission neither imposes nor prevents a judgment against respondent."
The Magistrate applied the principles of judicial abhorrence of piecemeal appeals and the right to review only after a "final order" has been entered to deny the petition for judicial review. On February 14, 2000, Tippecanoe Country Club, Inc. filed objections to the Magistrate's decision. As indicated by the Clerk's docket record that matter remains pending before the Court of Common Pleas.
The Ohio Civil Rights Commission is a creature of statute. Under R.C. 4112.03:
 "There is hereby created the Ohio civil rights commission to consist of five members, not more than three of whom shall be of the same political party, to be appointed by the governor, with the advice and consent of the senate, one of whom shall be designated by the governor as chairman. At least one member shall be at least sixty years of age."
Powers and duties are prescribed by R.C. 4112.04, including (A)(6) to:
 "(6) Receive, investigate, and pass upon written charges made under oath of unlawful, discriminatory practices;".
R.C. 4112.02 provides in pertinent part:
"It shall be an unlawful discriminatory practice:
"* * *
 "(G) For any proprietor or any employee, keeper, or manager of a place of public accommodation to deny any person, except for reasons applicable alike to all persons regardless of * * * sex * * * the full enjoyment of the accommodations, advantages, facilities, or privileges of the place of public accommodation."
By definition a "place of public accommodation" is:
 "Any inn, restaurant, eating house, barber shop, public conveyance by air, land, or water, theater, store, other place for the sale of merchandise, or any other place of public accommodation or amusement of which the accommodations, advantages, facilities, or privileges are available to the public." R.C. 4112.01(A)(9)
The statutes are to be liberally construed. In finding that a trailer park is a place of public accommodation even though not specifically enumerated, the Ohio Supreme Court stated in OhioCivil Rights Comm. v. Lysyj (1974), 38 Ohio St.2d 217, at 220:
 "However, R.C. 4112.02(G) and 4112.01(I) are remedial statutes and are unbounded by the rules of strict construction that governed R.C. 2901.35. R.C. 1.11. When determining the scope of the `public accommodations' amendments to Chapter 4112, the commission, initially, and the courts, upon review, are to construe those statutes liberally in order to effectuate the legislative purpose and fundamental policy implicit in their enactment, and to assure that the rights granted by the statues are not defeated by overly restrictive interpretation. R.C. 4112.08; R. C. 1.11."
 [Lysyj also held that there was no statutory authority for the Commission to award compensatory or punitive damages. The General Assembly eventually abrogated that part of the decision by amending R.C. 4112.05(G) to expressly grant the Ohio Civil Rights Commission the power to award such damages.]
In determining that Tippecanoe Country Club is a private club and not a place of public accommodation the Hearing Examiner considered the seven factors enunciated in Casey Martin v. PGATour Inc. 984 F. Supp. 1320 (D.O. 1998), citing United States v.Lansdowne Swim Club 713 F. Supp. 785 (E.D. Pa. 1989), affirmed,894 F.2d 83 (3d Cir. 1990). Those factors are:
"(1) The genuine selectivity of the group;
 "(2) The memberships' control over the operation of the establishment;
"(3) The history of the organization;
"(4) The use of facilities by nonmembers;
"(5) The club's purpose;
"(6) Whether the club advertises for members; and
"(7) Whether the club is nonprofit or for profit."
The Hearing Examiner discussed each factor and found that the evidence weighed heavily in favor of determining that Tippecanoe Country Club is a private club as opposed to a place of public accommodation. On November 18, 1999, the Commission voted to reverse the Hearing Examiner's Findings on the Jurisdictional Issue and remanded the cause on the merits. (Common Pleas Case No. 99CV2928 filings).
Regardless of the Relator's adamant assertion that Respondent is about to exercise jurisdiction over a matter in which it lacks jurisdiction, we hold that prohibition is not, a proper remedy in this case. As a general rule, an administrative body determines its own jurisdiction. Quoting from City of Whitehall ex rel.Wolfe v. Ohio Civ. Rts. Comm. (1995), 74 Ohio St.3d 120, at 123, 124:
 "* * * absent a patent and unambiguous lack of jurisdiction, a tribunal having general subject matter jurisdiction of a case possesses authority to determine its own jurisdiction, and a party challenging its jurisdiction has an adequate remedy via appeal from its holding that it has jurisdiction. Goldstein v. Christiansen (1994), 70 Ohio St.3d 232, 235."
In accord, State ex. Rel. Dannaher v. Crawford (1997), 78 Ohio St.3d 391.
In addition, an available legal remedy forecloses a party from seeking the extraordinary remedy of prohibition. As noted inState ex. rel. International Harvester Employees Credit Union,Inc. v. The Ohio Civil Rights Commission (Apr. 30, 1975), Clark App. No. 947, a case involving alleged discrimination in lending practices:
 "Despite the clarity of the issues, it requires no citation of authority to conclude that the remedy of prohibition, however convenient, is not available because there is an adequate remedy in the ordinary course of law. The legislature has seen fit to enact Ohio Revised Code 4112.06 which specifically provides for a judicial review of final orders of the Civil Rights Commission. In the absence of a general purpose to usury or generally exercise a broader jurisdiction than invested by law, the ordinary course of law outlined by the legislature should prevail."
The reasoning of State ex rel. South Dayton Pediatrics, Inc. v. OhioCivil Rights Commission (Feb. 6, 1981), Montgomery App. No. 7024 is persuasive:
 "Courts or agencies empowered by law to act have the authority to determine initially whether a claim is properly before it. As a matter of law and public policy this obligation of the trier of facts may not be usurped by way of the extraordinary writ of prohibition. Prohibition is not a substitute for appeal."
We find that the Ohio Civil Rights Commission has exercised a power authorized to it by law. We further find that the Relator has an available legal remedy by way of appeal from an adverse final decision of the Commission.
As stated in R.C. 4112.06(A):
 "(A) Any complainant or respondent claiming to be aggrieved by a final order of the commission, including a refusal to issue a complaint, may obtain judicial review thereof."
A disagreement with a Commission decision is not a basis to obtain relief by an original action in prohibition. Accordingly, the motion to dismiss is with merit and sustained.
Complaint for Writ of Prohibition is dismissed. Costs of this proceeding taxed against Relator.
Final order. Clerk to serve notice as provided by the Ohio Rules of Civil Procedure.
____________________ EDWARD A. COX, JUDGE
____________________ GENE DONOFRIO, JUDGE
_________________________ JOSEPH J. VUKOVICH, JUDGE