PETITION FOR WRIT OF PROHIBITION
The realtor, Deborah W. Fegan, D.V.M., has filed a complaint for a writ of prohibition. The relator seeks an order from this Court which prevents the respondents, the Berea Municipal Court, Judge Mark Comstock and the Clerk of the Berea Municipal Court, from proceeding in the underlying case of Colombo Enterprises Inc. v. Fegan, D.V.M., Berea Municipal Court Case No. 00-CVG-00471. Sua sponte, we dismiss the relator's complaint for a writ of prohibition.
In order for this court to issue a writ of prohibition, the relator must establish that: (1) the respondent is about to exercise judicial power; (2) the exercise of such judicial power is unauthorized by law; and (3) the denial of the writ will cause injury for which no other adequate remedy exists in the ordinary course of the law. State ex rel. BarclaysBank PLC v. Hamilton Cty. Court off Common Pleas (1996), 74 Ohio St.3d 536;State ex rel. Largent v. Fisher (1989), 43 Ohio St.3d 160. An adequate remedy at law will preclude relief in prohibition. State ex rel. Lesherv. Kainrad (1981), 65 Ohio St.2d 68; State ex rel. Sibarco Corp. V. Cityof Berea (1966), 7 Ohio St.2d 85.
The relator has availed herself of an adequate remedy at law through a direct appeal as filed in Colombo Enterprises, Inc. v. Fegan, D.V.M.,
Cuyahoga Appellate Case No. 78041. Although the appeal in Case No. 78041 was originally dismissed February 22, 2001, a motion for reconsideration was granted on March 22, 2001, and the appeal was reinstated for appellate review. In addition, this Court in Case No. 78041 ordered that "* * * execution upon the journal entry filed by the Berea Municipal Court on March 2, 2001, is stayed pending resolution of this appeal, upon the bond previously posted in this matter." See Motion No. 25994 as journalized on March 13, 2001.
Accordingly, we dismiss the relator's complaint for a writ of prohibition. Clerk to serve notice of this judgment to all parties as provided in Civ.R. 58 (B). Costs to relator.
Writ dismissed.
It is ordered that respondents recover from relator their costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rule of Appellate Procedure.
 _____________________________ PATRICIA ANN BLACKMON, JUDGE
 KENNETH A. ROCCO, A.J., and JAMES D. SWEENEY, J., CONCUR.