JOURNAL ENTRY and OPINION
Relator, Justo Pratts, has filed a complaint for a writ of prohibition to prevent the respondent, the Ohio Adult Parole Authority, from imposing a period of three years of post-release control. The post-release control relates to the relator's release from prison following his conviction for the offense of possession of drugs (R.C. 2925.11). See State v. Pratt, Cuyahoga Common Pleas Case No. CR-365178. The respondent has filed a motion to dismiss which we grant for the following reasons.
In order for this court to issue a writ of prohibition, the relator must establish that: (1) the respondent is about to exercise judicial power; (2) the exercise of such judicial power is unauthorized by law; and (3) the denial of the writ will cause injury for which no other adequate remedy exists in the ordinary course of the law. State ex rel. Barclays Bank PLC v. Hamilton Cty. Court of Common Pleas (1996), 74 Ohio St.3d 536,660 N.E.2d 458; State ex rel. Largent v. Fisher (1989), 43 Ohio St.3d 160,540 N.E.2d 428. An adequate remedy at law will preclude relief in prohibition. State ex rel. Lesher v. Kainrad (1981), 65 Ohio St.2d 68,417 N.E.2d 1382; State ex rel. Sibarco Corp. V. City of Berea (1966),7 Ohio St.2d 85, 218 N.E.2d 428. Finally, prohibition must be used with great caution and should not be issued in a doubtful case. State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas (1940), 137 Ohio St. 273,28 N.E.2d 641; Reiss v. Columbus Municipal Court (App. 1956), 76 Ohio Law Abs. 141, 145 N.E.2d 447.
In the case sub judice, the relator has failed to establish each prong of the aforesaid three-part test. Initially, the respondent is not a court or officer that is about to exercise judicial power. In addition, the respondent is authorized by R.C. 2967.28(C) to impose a post-release control upon the relator once he is released from prison. Finally, the relator possesses an adequate remedy at law since the issue of whether the relator was properly sentenced and subject to post-release control can and must be addressed through a direct appeal to this court. See State v. Hart (May 31, 2001), Cuyahoga App. Case No. 78170, unreported; State v. Williams (Dec. 7, 2000), Cuyahoga App. No. 76816, unreported; State v. Dillon (Nov. 30, 2000), Cuyahoga App. No. 77847, unreported; State v. Wright (Sept. 28, 2000), Cuyahoga App. No. 77748, unreported. See, also, Woods v. Telb (2000), 89 Ohio St.3d 504, 733 N.E.2d 1103.
Accordingly, we grant the respondent's motion to dismiss. It is further ordered that the Clerk of the Eighth District Court of Appeals shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B). Costs to relator.
ANN DYKE, P.J., and JAMES J. SWEENEY, J., CONCUR.