[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on petitioner's "Petition in the Nature of a Writ of Prohibition." On November 12, 2002, this court granted an alternative writ and ordered respondents to file an answer to petitioner's complaint. On December 9, 2002, respondents William D. Mason and James Gutierrez filed a motion to dismiss petitioner's complaint pursuant to Civ.R. 12(B)(6). Respondent John T. Patton filed his answer on December 12, 2002. On December 18, 2002, petitioner filed a response. On December 31, 2002, respondent John T. Patton filed a motion for summary judgment.
{¶ 2} Petitioner Edward J. Baxter is the defendant in a pending criminal prosecution in Erie County, Ohio. Because petitioner's brother, Kevin Baxter, is the Erie County Prosecutor and the alleged victim of some of the criminal acts of which petitioner is accused, Judge Donald L. Ramsey of the Erie County Court of Common Pleas appointed respondent William D. Mason, Cuyahoga County Prosecutor, as special prosecutor to oversee the case in December 2000. Respondent James Gutierrez, Assistant Prosecutor for Cuyahoga County, also was appointed to work on the case. Respondent Judge John T. Patton, a retired judge of the Eighth District Court of Appeals of Ohio, was assigned by the Supreme Court of Ohio in June 2002 to preside in the Erie County Court of Common Pleas, General Division, over the criminal proceedings against petitioner for the days of June 6 and 7, 2002, and thereafter as necessary to conclude any proceedings in which he participated that might be pending at the end of that period. A copy of that assignment is contained in the record.
{¶ 3} On June 7, 2002, petitioner was indicted on one count of extortion, 18 counts of intimidation and 62 counts of falsification. Petitioner asserts that the indictments against him were procured through fraud. Specifically, petitioner asserts that respondents Gutierrez and Mason did not have the required oaths of office on file with the Erie County Clerk of Courts, that Gutierrez did not have on file his appointment to this case and that Mason's appointment was procured through fraud. Petitioner further asserts that respondent Patton "did not have the required oaths of office * * * on file," that the Erie County Clerk of Courts did not have on record Judge Patton's appointment to that court, and that respondent Patton "fabricated evidence to validate his unlawful activities."
{¶ 4} Petitioner now asks this court to prohibit the respondents from engaging in any further acts or conduct as agents of the Erie County Prosecutor's Office and the Erie County Court of Common Pleas.
{¶ 5} Respondents Mason and Gutierrez have filed a joint motion to dismiss pursuant to Civ.R. 12(B)(6) and respondent Patton has filed a motion for summary judgment, also asserting that petitioner has failed to state a claim upon which relief can be granted. Upon due consideration, we find respondents' arguments well-taken.
{¶ 6} A writ of prohibition is an extraordinary writ that is not routinely or easily granted. State ex rel. Barclays Bank PLC v. Hamilton Cty. Court of Common Pleas (1996), 74 Ohio St.3d 536. In order to be entitled to a writ of prohibition, a relator must establish that (1) the court or officers against whom it is sought are about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) denial of the writ will cause injury to relator for which no other adequate remedy in the ordinary course of law exists. State ex rel. White v. Junkin (1997), 80 Ohio St.3d 335, 336.
{¶ 7} As to respondents Gutierrez and Mason, the Supreme Court of Ohio has held that prohibition will not issue against a prosecuting attorney, because a prosecutor is not seeking to exercise judicial or quasi-judicial power. State ex rel. Gray v. Leis (1980), 62 Ohio St.2d 102. As to respondent Patton, petitioner has not identified any judicial power which respondent is about to exercise relative to petitioner's case in the Erie County Court of Common Pleas.
{¶ 8} Accordingly, as petitioner has failed to satisfy the first of the three steps set forth in Barclay, supra, his petition for a writ of prohibition as to respondents James Gutierrez, William Mason and John T. Patton is denied. Costs assessed to petitioner.
 WRIT DENIED.
Melvin L. Resnick, J., Richard W. Knepper, J., Mark L. Pietrykowski, J., concur.