OPINION AND JUDGMENT ENTRY
{¶ 1} Relator Benjamin Pankey has filed a petition for writ of mandamus with this Court, seeking a writ to compel Respondent Mahoning County Common Pleas Court to rule on Relator's August 13, 2008 Motion for Declaratory Judgment regarding the start date of jail time credit. Because the Mahoning County Court of Common Pleas granted the requested jail time credit on January 13, 2009, the writ is dismissed as moot.
 {¶ 2} Pankey was arrested in February and arraigned in October of 2006 on a cocaine possession charge. Subsequent to a jury trial, Pankey was convicted and sentenced to four years in prison. The trial court gave Pankey jail time credit for time served starting in February of 2006, but in a separate judgment entry on the same day the trial court credited Pankey for time served starting in October of 2006. After a disagreement with the Ohio Department of Rehabilitation and Correction as to his release date, Pankey filed a Motion for Declaratory Judgment, asking that the trial court clarify the start date for his jail time credit. Pankey filed the motion on August 13, 2008, and asserts that he had not yet received a response from the trial court.
 {¶ 3} Additionally, Pankey filed a Motion to Dismiss Mandamus Converting to Application for Delayed Appeal on January 9, 2009. We decline his request because there is no procedure for making such a conversion. Moreover, Pankey separately filed an Application for Delayed Appeal, which was considered by this court under Case No. 09 MA 5 and denied on February 10, 2009 because he failed to present a true and adequate reason for the delay.
 {¶ 4} In order for a court to issue a writ of mandamus, a relator must have a clear legal right to the relief prayed for, the respondent must have a clear legal duty to perform the act requested, and the relator must have no plain and adequate remedy at law. State ex rel. Harris v.Rhodes (1978), 54 Ohio St.2d 41, 42, 8 O.O.3d 36, 374 N.E.2d 641; R.C. 2731.05. However, mandamus cannot be used "to compel an act that has already been performed." State ex rel. Madsen v. Jones,106 Ohio St.3d 178, 2005-Ohio-4381, 833 N.E.2d 291, at ¶ 11. An order of mandamus will not issue to compel relief on "issues *Page 2 
which have become moot pending consideration of the court of appeals.State ex rel. Gantt v. Coleman (1983), 6 Ohio St.3d 5, 6 O.B.R. 4,450 N.E.2d 1163.
 {¶ 5} Subsequent to Pankey's Petition for Writ of Mandamus, the Mahoning County Court of Common Pleas sua sponte granted Pankey jail time credit for time served starting as of his arrest in February 2006. Given that the trial court's January 13, 2009 judgment entry provides the relief prayed for, we dismiss this petition for writ of mandamus as moot.
 {¶ 6} Additionally we note that on January 29, 2009, Pankey filed a document with this Court captioned "Motion for Delayed Appeal of Declaratory Judgment" asserting that the trial court did not address the entirety of his original motion for declaratory judgment in its January 13, 2009 judgment entry. To his January 29, 2009 filing with this Court, Pankey attached a previous Motion for Declaratory Judgment filed in the trial court on December 17, 2007, which included various requests. However, the issues from Pankey's December 17, 2007 motion cannot be addressed in this action. In a January 18, 2008 judgment entry, the trial court addressed the entirety of Pankey's December 17, 2007 motion and dismissed it. The trial court thus fulfilled its legal duty regarding Pankey's 2007 motion, and mandamus would not be an available remedy at all, let alone in this action. Moreover, the motion for declaratory judgment, which is the subject of this writ of mandamus, was filed by Pankey on August 13, 2008, and includes the singular request that the court correct his jail time credit.
 {¶ 7} Petition of Dismissed. Costs taxed against Relator. Final Order. Clerk to serve notice pursuant to the Civil Rules.
Vukovich, P.J., concurs.
Waite, J., concurs.
DeGenaro, J., concurs. *Page 1