[Cite as *Patel v. Sargus*, 2011-Ohio-1465.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| ARVIND PATEL, | ) | |
| | ) | CASE NO.    11 BE 6 |
| RELATOR, | ) | |
| | ) | OPINION |
| - VS - | ) | AND |
| | ) | JUDGMENT ENTRY |
| JUDGE JENNIFER SARGUS, | ) | |
| BELMONT COUNTY COMMON | ) | |
| PLEAS COURT, | ) | |
| | ) | |
| RESPONDENT. | ) | |


CHARACTER OF PROCEEDINGS:     Petition for Writ of Prohibition.


JUDGMENT:     Petition for Writ of Prohibition Dismissed.


APPEARANCES:
For Relator:     Arvind Patel, *Pro Se*
16 Renaissance Way
Wheeling, West Virginia  26003


For Respondent:     Attorney Christopher Berhalter
Prosecuting Attorney
Attorney David Liberati
Assistant Prosecuting Attorney
147-A West Main Street
St. Clairsville, Ohio  43950


JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite


Dated:  March 28, 2011

PER CURIAM.

¶{1}  On January 19, 2011, relator Arvind Patel filed a pro se petition for a writ of prohibition against respondent Judge Jennifer Sargus of the Belmont County Common Pleas Court.  He asks that respondent be prohibited from exercising further jurisdiction in Belmont County Common Pleas Court Case Numbers 03CV36, 08CV412, 10CV373, and 10CV431.  His reasons involve his claims that respondent is biased against him and that by not immediately dismissing certain cases in the past, respondent aided the Village of Bellaire and a plaintiff in a civil suit in maintaining malicious proceedings against him.

¶{2}  Respondent filed a motion to dismiss the petition.  The first response presented is that the petition should be dismissed because the petition was merely signed by the relator and was not verified or supported by an affidavit.  Respondent sets forth no law in support of this statement.  Although statutorily, a petition for a writ of *mandamus* must be verified by affidavit and a petition for a writ of *habeas corpus* must be verified by the filer or some other party, there are no similar statutes applying to the filing of a *prohibition* petition.  See R.C. 2725.04 (habeas); 2731.04 (mandamus).

¶{3}  The Civil Rules are generally applied to original actions filed in appellate courts.  See *State ex rel. Gains v. Rossi* (Apr. 8, 1999), 7th Dist. No. 98CA51.  Under the Civil Rules, pleadings generally need not be verified or accompanied by affidavit.  Civ.R. 11 (also stating that the signature of a pro se party constitutes a certification that the party read the document, that there is good ground to support it, and that it is not interposed for delay).

¶{4}  When filed in the Supreme Court, the Supreme Court Rules of Practice state that all complaints for an original action shall be supported by affidavit specifying the details of the claim.  Sup.Ct.Prac.R. 10.4 (B).  However, this rule governs only actions within the original jurisdiction of the Supreme Court.  Sup.Ct.Prac.R. 10.1 (A).  The Rules of Practice of the Supreme Court are not relevant to filings in appellate courts.  Cf. Sup.R. 1(A) (dealing with Rules of Superintendence).

**¶{5}** Thus, the Eighth District has adopted a Local Rule requiring all original actions to be supported by a verified complaint and affidavit in order to avoid dismissal. Loc.App.R. 8(B)(1). Where the verification and affidavit are lacking, that appellate court will dismiss the original action. See, e.g., *Bauschard v. Corrigan* (Oct. 17, 1990), 8th Dist. No. 60444. However, this court has no similar local rule. Thus, we shall not dismiss the petition on this basis. (We also note that relator has attached his affidavit to his response to the dismissal motion, thus supplementing his petition.)

**¶{6}** Respondent's next argument is that the petition for a writ of prohibition is moot. As to case numbers 03CV36 and 10CV431, respondent notes that she has recused herself from these cases and attaches the judgment entries demonstrating these facts. As the trial court has performed the act requested herein by relator, the request for a writ as to these two case numbers is moot. See *State ex rel. Denton v. Bedinghaus*, 98 Ohio St.3d 298, 2003-Ohio-861, ¶25; *State ex rel. Kreps v. Christinsen* (Aug. 15, 1999), 6th Dist. No, L-99-1217.

**¶{7}** As for case numbers 08CV412 and 10CV373,[1] the respondent points out that these cases are now pending on appeal in this appellate court. As there is nothing pending in respondent's trial court on these cases, the request for a writ of prohibition against the trial court is moot. See, e.g., *State ex rel. Rootstown Loc. Sch. Dist. Bd. of Edn. v. Portage Cty. Ct. of Common Pleas* (1997), 78 Ohio St.3d 489, 491 (there must be an indication that unless prevented, the common pleas court will conduct further proceedings in the underlying action); *State ex rel. Jones v. Garfield Hts. Mun. Court* (1997), 77 Ohio St.3d 447, 448 (court must be about to exercise judicial power).

---

[1] Relator also mentions 06CV371 in his petition, seemingly for the purpose of establishing a background for bias. In his response to respondent's motion to dismiss, however, he expresses that he wishes a writ to issue in that case as well. However, his petition only sought a writ in the four case numbers outlined above and any future cases. See Petition at 23-24. Additionally, relator is essentially seeking to establish a case against respondent in a complaint he is pursuing regarding her part in 06CV371, and he is asking that "respondent's rulings against Relator be reconsidered because they are tainted by prejudice* * *." He argues that respondent was without jurisdiction to preside in that case because the state fire marshal had a parallel investigation into his motel. However, he has failed to demonstrate a patent lack of jurisdiction as the court had jurisdiction to rule in the injunction case. An abuse of discretion or failure to rule in a party's favor is not a lack of jurisdiction. In any event, that case is no longer pending. In fact, the Village of Bellaire voluntarily dismissed that case in 2007.

¶{8}   Prohibition is an extraordinary writ that is not routinely or easily granted and is used to prevent a court from proceeding in a case in which it seeks to exercise jurisdiction which it does not have under the law. *State ex rel. Barclays Bank PLC v. Hamilton Cty. Ct. of Common Pleas* (1996), 74 Ohio St.3d 536, 540. Such a writ is not a substitute for an appeal and should not be used where there is an adequate remedy on appeal unless there is a patent and unambiguous lack of jurisdiction. See *State ex rel. Carr v. McDonnell*, 124 Ohio St.3d 62, 2009-Ohio-6165, ¶2 (improper assignment of judge can adequately be raised by way of appeal); *State ex rel. Rootstown*, 78 Ohio St.3d at 491.

¶{9}   Here, relator's argument does not even concern jurisdiction. Some of his arguments concern allegations of abuse of discretion, which are not remediable in an original action. See *Hoppel v. Price*, 7th Dist. No. 2002-CO-43, 2002-Ohio-5236, ¶11. Other arguments concern allegations of bias. Contrary to relator's suggestion, asking a trial court to recuse itself does not require the trial court to file an affidavit of disqualification for the complainant in the Supreme Court. Rather, relator was charged with the duty to file an affidavit of disqualification in the Supreme Court for ruling by the Chief Justice. This court cannot even rule on such a charge of bias. See *Beer v. Griffith* (1978), 54 Ohio St.2d 440, 441-442 (Chief Justice or his designee has exclusive province to determine if judge should have recused self); *State v. Payne*, 149 Ohio App.3d 368, 2002-Ohio-5180, ¶8-9.

¶{10} "If a judge of the court of common pleas allegedly is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court, any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the supreme court in accordance with division (B) of this section." R.C. 2701.03(A).

¶{11} As relator did not file such an affidavit in the Supreme Court, the trial court did not lack jurisdiction to proceed merely because relator believed respondent was biased as a result of past experiences with her in other lawsuits. Cf. *State ex rel. Stern v. Mascio* (1998), 81 Ohio St.3d 297, 299-300 (where the court was proceeding

in the face of a pending affidavit).  For all of these reasons, relator's petition for a writ of prohibition is dismissed.

¶{12} Final order.  Clerk to serve notice as provided by the Civil Rules.

Vukovich, J., concurs.
Donofrio, J., concurs.
Waite, P.J., concurs.