[Cite as *Patel v. Crawford*, 2012-Ohio-1688.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| ARVIND PATEL/BHARATI PATEL, | ) | |
| | ) | |
| RELATORS, | ) | CASE NOS. 11 BE 23 |
| | ) | 11 BE 24 |
| V. | ) | |
| | ) | OPINION |
| JUDGE DALE A. CRAWFORD, | ) | AND |
| | ) | JUDGMENT ENTRY |
| RESPONDENT. | ) | |

CHARACTER OF PROCEEDINGS:    Petition for Writ of Prohibition
Petition for Writ of Mandamus

JUDGMENT:    Dismissed

APPEARANCES:
For Relator    Arvind Patel, Pro-se
Bharati Patel, Pro-se
16 Renaissance Way
Wheeling, WV 26003

For Respondent    Atty. David K. Liberati
Assistant Prosecuting Attorney
Courthouse Annex No. 1
147-A West Main Street
St. Clairsville, Ohio 43950

JUDGES:

Hon. Gene Donofrio
Hon. Judge Joseph J. Vukovich
Hon. Judge Cheryl L. Waite

Dated: April 4, 2012

[Cite as *Patel v. Crawford*, 2012-Ohio-1688.]

PER CURIAM.

{¶1} Relators, Arvind and Bharati Patel, have filed pro se petitions for a writ of prohibition and a writ of mandamus against respondent, Judge Dale Crawford.

{¶2} In their prohibition, relators ask this Court to prohibit respondent from presiding over the trial scheduled for July 8, 2011, until such time that they can retain counsel.

{¶3} Prohibition is an extraordinary writ that is not routinely or easily granted and is used to prevent a court from proceeding in a case in which it seeks to exercise jurisdiction which it does not have under the law. *State ex rel. Barclays Bank PLC v. Hamilton Cty. Ct. of Common Pleas*, 74 Ohio St.3d 536, 540, 660 N.E.2d 458 (1996).

{¶4} As respondent points out, the court did not proceed with the trial scheduled for July 8, 2011. And relators obtained counsel on July 1, 2011.

{¶5} Because the trial court has performed the act requested herein by relators, the request for a writ of prohibition is moot. See *Patel v. Sargus*, 7th Dist. No. 11-BE-6, 2011-Ohio-1465, ¶6.

{¶6} A relator is entitled to mandamus relief if: (1) he has a clear legal right to the relief prayed for; (2) the respondent is under a clear legal duty to perform the acts; and (3) the relator has no plain and adequate remedy in the ordinary course of law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 29, 451 N.E.2d 225 (1983). The burden is on the relator to establish the elements to obtain the writ. *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 656 N.E.2d 332 (1995).

{¶7} In their mandamus petition, relators ask this court (1) to compel respondent to grant their motion for a continuance so that they can retain counsel, and (2) to compel respondent to appoint a translator to aid Bharati at trial, and (3) to compel respondent to hear relators' motion for sanctions prior to presiding over the trial in Belmont County Common Pleas case number 03-CV-036.

{¶8} The items in the mandamus petition are likewise moot. An order of mandamus will not be issued to compel relief on issues that have become moot pending deliberation of the court of appeals. *State ex rel. Pankey v. Cronin*, 7th Dist. No. 08-MA-255, 2009-Ohio-1017, ¶4, citing *State ex rel. Gantt v. Coleman*, 6 Ohio St.3d 5, 450 N.E.2d 1163 (1983).

**{¶9}** As noted above, relators did obtain counsel. As such, any further continuance on this basis is moot.

**{¶10}** Additionally, respondent ruled that Bharati was entitled to an interpreter during trial. However, the plaintiff informed the court that it would be dismissing Bharati as a defendant in the case. Thus, there is no need to compel respondent to appoint an interpreter.

**{¶11}** Finally, the trial court docket indicates that a settlement has been reached in this case as is evidenced by the motion to enforce settlement and corresponding hearing date. Relators' motion for sanctions may have been addressed in settlement negotiations. Nonetheless, the case is no longer set for trial, so respondent cannot hear a motion for sanctions prior to the trial.

**{¶12}** For all of these reasons, relators' petitions for a writ of mandamus and a writ of prohibition are dismissed.

**{¶13}** Final order. Clerk to serve notice as provided by the Ohio Rules of Civil Procedure.

Donofrio, J., concurs.
Vukovich, J., concurs.
Waite, P.J., concurs.