[Cite as *Arnoff v. State*, 2020-Ohio-2663.]

STATE OF OHIO            )            IN THE COURT OF APPEALS
                         )ss:         NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN         )

BRUCE ARNOFF

    Appellant            C.A. No.            19CA011603

    v.

STATE OF OHIO                        ORIGINAL ACTION IN
                                     PROHIBITION
    Appellee

Dated: April 27, 2020

PER CURIAM.

{¶1} Relator, Bruce Arnoff, has filed a document captioned "Writ of Prohibition" that makes claims against his attorney and various governmental entities. The Lorain County Prosecutor has moved to dismiss on behalf of the State and the Lorain County courts. Mr. Arnoff did not respond to the motion to dismiss. For the following reasons, we dismiss the complaint.

{¶2} According to the cover page of Mr. Arnoff's complaint, he sought a writ of prohibition. Generally, for this Court to issue a writ of prohibition, Mr. Arnoff must establish that: (1) a judge is about to exercise judicial power, (2) the exercise of that power is unauthorized by law, and (3) the denial of the writ will result in injury for which no other adequate remedy exists. *State ex rel. Jones v. Garfield Hts. Mun. Court*, 77 Ohio St.3d 447, 448 (1997). Mr. Arnoff's complaint does not allege that any judge is about to exercise judicial power, that the exercise of that power is unauthorized by law, or that the

denial of the writ will result in injury for which no other adequate remedy exists. Instead, Mr. Arnoff alleged that he was improperly arrested, his attorney was ineffective, and the prosecutor engaged in misconduct. The complaint alleges that Mr. Arnoff's conviction is void because of these "errors." The prayer for relief demands a payment of the maximum amount of his attorney's malpractice insurance and the same amount personally from his attorney.

{¶3} "[T]he purpose of a writ of prohibition is to restrain inferior courts and tribunals from exceeding their jurisdiction." *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 73 (1998). A writ of prohibition "tests and determines solely and only the subject matter jurisdiction" of the lower court. *State ex rel. Eaton Corp. v. Lancaster*, 40 Ohio St.3d 404, 409 (1988).

{¶4} Mr. Arnoff has not named the judge in his case as a respondent in this action or alleged that the judge in his criminal case is about to exercise jurisdiction. Instead, he has primarily argued that his attorney was ineffective. Mr. Arnoff's complaint has failed to assert any facts to support a claim for a writ of prohibition.

{¶5} Because Mr. Arnoff cannot prevail on the facts he alleged, the complaint is dismissed. Costs of this action are taxed to Mr. Arnoff. The clerk of courts is hereby

directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

BRUCE ARNOFF, Pro se, Relator.

DENNIS P. WILL, Prosecuting Attorney, and GERALD INNES, Assistant Prosecuting Attorney, for Respondent.