[Cite as *Beres v. O'Brien*, 2022-Ohio-4788.]

STATE OF OHIO       )            IN THE COURT OF APPEALS
                      )ss:        NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

WILLIAM BERES, ET AL.

    Petitioners                          C.A. No.     30555

    v.

JUDGE TAMMY O'BRIEN           ORIGINAL ACTION IN
                                   PROHIBITION
    Respondent

DECISION AND FINAL JUDGMENT ENTRY

Dated: December 30, 2022

PER CURIAM.

**{¶1}** Relators, William Beres, et al., filed a petition, and amended petition, for a writ of prohibition "as to the order issued by Summit County Court of Common Pleas, requiring an appearance before the Branch I, Circuit Court, Walworth County, Wisconsin at the trial in the matter of *State of Wisconsin v. Carl R. Pepper*, Case Number 21 CF 173, on January 3, 2023." For the following reasons, this Court dismisses the petition sua sponte.

**{¶2}** Generally, for this Court to issue a writ of prohibition, the petitioners must establish that: (1) respondent is about to exercise judicial power, (2) the exercise of that power is unauthorized by law, and (3) the denial of the writ will result in injury for which no other adequate remedy exists. *State ex rel. Jones v. Garfield Hts. Mun. Court*, 77 Ohio St.3d 447, 448 (1997). Sua sponte dismissal of a petition, without notice, is appropriate only if the petition is frivolous or the petitioners obviously cannot prevail on the facts

alleged in the petition. *See*, *e.g.*, *State ex rel. Duran v. Kelsey*, 106 Ohio St.3d 58, 2005-Ohio-3674, ¶ 7. The petitioners cannot prevail on the facts alleged in the petition because it did not allege that Judge O'Brien is about to exercise judicial power or that she lacked subject-matter jurisdiction when she denied the motion to quash.

{¶3} The petition offers little information about the nature of the action before Judge O'Brien. It appears that a subpoena was issued to one or more of the petitioners, that one of the petitioners is a minor, and that one or more of the petitioners is required to appear at a trial in Wisconsin on January 3, 2023. The bulk of the petition sets forth a timeline of when the subpoena was served on petitioners, when they retained counsel, when a hearing was held before Judge O'Brien, and how this compressed time frame denied petitioners due process of law and imposes an undue hardship on petitioners. According to the petition, petitioners' counsel learned that Judge O'Brien denied petitioners' motion to quash on the morning of December 28, 2022. This petition was filed late in the afternoon on that same day, and the amended petition was filed the following morning.

{¶4} The petition asks this Court to grant the writ of prohibition because of a due process violation. But that is not the purpose of the writ of prohibition.

{¶5} "[T]he purpose of a writ of prohibition is to restrain inferior courts and tribunals from exceeding their jurisdiction." *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 73 (1998). A writ of prohibition "tests and determines solely and only the subject matter jurisdiction" of the lower court. *State ex rel. Eaton Corp. v. Lancaster*, 40 Ohio St.3d 404, 409 (1988). As noted above, sua sponte dismissal of a petition, without notice,

is appropriate only if the petition is frivolous or the claimant obviously cannot prevail on the facts alleged in the petition. *See, e.g., State ex rel. Duran v. Kelsey*, 106 Ohio St.3d 58, 2005-Ohio-3674, ¶ 7.

{¶6} Viewing the allegations of the petition, this Court concludes that petitioners obviously cannot prevail on the facts alleged in the petition. The petition does not allege that Judge O'Brien exceeded her jurisdiction. It also does not address any of the other requirements for granting a writ of prohibition, including, for example, that Judge O'Brien is about to exercise judicial power. Instead, it alleges that Judge O'Brien has denied a motion to quash in violation of petitioners' due process rights. Upon review of the petition, the petitioners obviously cannot prevail on those facts for this Court to grant a writ of prohibition, so sua sponte dismissal is appropriate.

{¶7} The case is dismissed. Costs of this action are taxed to petitioners.

{¶8} The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

_____
JENNIFER L. HENSAL
FOR THE COURT

CALLAHAN, J.
SUTTON, J.
CONCUR.

APPEARANCES:

KIMBERLY KENDALL CORRAL, Attorney at Law, for Petitioners.