[Cite as *Tavenner v. Pittsfield Twp. Bd. of Trustees*, 2022-Ohio-4444.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

PATRICK TAVENNER II

    Appellant

    v.

PITTSFIELD TOWNSHIP, BOARD OF
TRUSTEES, et al.

    Appellees

C.A. No.    22CA011831

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    21CV204559

DECISION AND JOURNAL ENTRY

Dated: December 12, 2022

CALLAHAN, Judge.

{¶1}    Appellant, Patrick Tavenner, II, appeals from the judgment of the Lorain County Court of Common Pleas dismissing his complaint for mootness. For the reasons set forth below, this Court affirms in part and reverses in part.

I.

{¶2}    In 2019 and 2020, separate petitions were filed pursuant to R.C. Chapter 6131 with the Lorain County Board of Commissioners ("the Board of Commissioners") for a single county ditch improvement known as the "Brown Lateral Project[.]" Each petition sought to "[c]lean the Brown Lateral from Quarry Road to the [railroad] tracks to the East[.]" Mr. Tavenner, the owner of real property located at 14771 Quarry Road in Pittsfield Township, Ohio, opposed the Brown Lateral Project claiming that it would negatively impact and damage his property.

{¶3}    The first petition was withdrawn six weeks after it was filed. Upon learning that a second petition had been filed, Mr. Tavenner filed an administrative appeal in the Lorain County

Court of Common Pleas. While the administrative appeal was pending, the Pittsfield Township Board of Trustees ("Pittsfield Township") withdrew the second petition. The Board of Commissioners accepted the withdrawal of the second petition and terminated the proceedings for the cleaning of the Brown Lateral Ditch. Based upon the withdrawal and termination of the second petition, the Board of Commissioners and Pittsfield Township moved, and the trial court granted, a motion to dismiss the administrative appeal for mootness.

{¶4} A third petition, which is the subject of this appeal, was filed on August 24, 2021. The request in the third petition was "[c]leaning and reconstructing the drainage system from Quarry Road eastward[.]" (Emphasis omitted.) In response, Mr. Tavenner filed a complaint for an injunction to enjoin the Board of Commissioners and Pittsfield Township "from proceeding further with hearings or improvements for the Brown Lateral Ditch Project." On October 27, 2021, the Board of Commissioners adopted a resolution accepting the petitioners' October 26, 2021, letter withdrawing the third petition. The Board of Commissioners and Pittsfield Township moved to dismiss the complaint, arguing that Mr. Tavenner's request for an injunction was moot due to the withdrawal of the third petition. The trial court dismissed the complaint because it was moot.

{¶5} Mr. Tavenner timely appealed this judgment, assigning six assignments of error. For ease of analysis, this Court reorders and combines the assignments of error.

II.

**ASSIGNMENT OF ERROR NO. 1**

THE TRIAL COURT ERRED IN GRANTING THE MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM[.]

{¶6} In his first assignment of error, Mr. Tavenner argues that the trial court failed to apply the proper Civ.R. 12(B)(6) standard of review when it granted the motion to dismiss. This Court rejects his arguments.

{¶7}    In the instant matter, the complaint for injunctive relief was deemed moot and dismissed.  "Mootness presents a question of jurisdiction because a lack of an actual case or controversy between the parties renders it necessarily impossible for a court to grant any meaningful relief."  *Brown v. Dayton*, 2d Dist. Montgomery No. 24900, 2012-Ohio-3493, ¶ 10, citing *Miner v. Witt*, 82 Ohio St. 237, 238-239 (1910).  "[T]he courts of Ohio have long recognized that a court cannot entertain jurisdiction over a moot question."  *James A. Keller, Inc. v. Flaherty*, 74 Ohio App.3d 788, 791 (10th Dist.1991).  Therefore, a judgment dismissing a complaint as moot means the trial court has declined to exercise jurisdiction over the matter, *Brown* at ¶ 9, and it necessarily follows that such a dismissal does not reach the issue of whether the complaint failed to state a claim upon which relief can be granted.

{¶8}    Mr. Tavenner alleges that in lieu of filing an answer the Board of Commissioners and Pittsfield Township filed a joint motion to dismiss for failure to state a claim and that the trial court impermissibly considered matters outside the complaint and failed to provide notice that it "would be proceeding as though on a summary judgment."  Mr. Tavenner further alleges that the trial court failed to consider whether the complaint for injunctive relief met the pleading requirements under Civ.R. 8(A).

{¶9}    Contrary to Mr. Tavenner's assertion, the Board of Commissioners and Pittsfield Township did not file a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim.  Rather, they moved to dismiss the complaint for mootness.  The Board of Commissioners and Pittsfield Township argued that the trial court's jurisdiction could not be invoked because there was no present dispute between the parties in light of the withdrawal of the third petition.  Furthermore, the trial court dismissed the complaint as moot, thereby "declining to exercise jurisdiction over the

matter." *See Brown* at ¶ 9. The trial court was not presented with, nor did it decide, the issue of whether the complaint failed to state a claim upon which relief could be granted.

{¶10} Additionally, because this was not a Civ.R. 12(B)(6) motion, the trial court's reliance upon "outside cases in its decision[]" was not erroneous. "An event that causes a case to be moot may be proved by extrinsic evidence outside the record." *Pewitt v. Lorain Corr. Inst.*, 64 Ohio St.3d 470, 472 (1992), citing *Miner*, 82 Ohio St. at 239.

{¶11} Based upon the foregoing, Mr. Tavenner has misconstrued the nature of the motion to dismiss and the judgment dismissing the complaint. Accordingly, his arguments premised upon Civ.R. 12(B)(6) and Civ.R. 8(A) are misplaced and not well-taken.

{¶12} Mr. Tavenner's first assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ERRED [BY] APPLYING THE DECLARATORY JUDGMENT STANDARD OF "NO JUSTICIABLE ISSUE" TO [A] CLAIM FOR INJUNCTIVE RELIEF[.]

{¶13} In the second assignment of error, Mr. Tavenner argues that the trial court incorrectly applied a declaratory judgment standard when it dismissed his complaint for injunctive relief. We disagree.

{¶14} Mr. Tavenner points out that the motion to dismiss was based upon the argument that no justiciable controversy existed and that both the motion and the judgment entry dismissing the complaint relied upon cases that involved petitions for declaratory judgment. Mr. Tavenner suggests that a dismissal based upon there being no justiciable controversy applies to requests for declaratory judgment and not injunctive relief.

{¶15} Ohio's Constitution sets forth the fundamental limitations on the jurisdiction of the common pleas courts. *See State ex rel. Barclays Bank PLC v. Court of Common Pleas of*

*Hamilton Cty.*, 74 Ohio St.3d 536, 542 (1996). "Section 4(B), Article IV of the Ohio Constitution vests the common pleas courts with 'such original jurisdiction over all justiciable matters * * * as may be provided by law.'" (Alteration in original.) *Id.* This justiciability requirement involves deciding "'actual controversies between parties legitimately affected by specific facts and render[ing] judgments which can be carried into effect.'" *Id.*, quoting *Fortner v. Thomas*, 22 Ohio St.2d 13, 14 (1970). Thus, all actions, not just declaratory judgments, must satisfy a threshold requirement of justiciability. *See Waldman v. Pitcher*, 1st Dist. Hamilton Nos. C-150462, C-150501, 2016-Ohio-5909, ¶ 20.

{¶16} Upon review of the trial court's judgment entry, there is no indication that the trial court applied R.C. Chapter 2721 declaratory judgment standards to Mr. Tavenner's complaint for injunctive relief. Rather, the trial court relied upon the cited cases for the legal doctrine of mootness. Furthermore, because a justiciable controversy is necessary in all actions, *see Waldman* at ¶ 20, the trial court did not err in addressing whether there was a justiciable controversy in this matter.

{¶17} Mr. Tavenner's second assignment of error is overruled.

### ASSIGNMENT OF ERROR NO. 5

THE TRIAL COURT ERRED IN DETERMINING [MR. TAVENNER'S] COMPLAINT IS MOOT.

{¶18} In his fifth assignment of error, Mr. Tavenner contends that the trial court erred in concluding that his complaint was moot. We agree.

{¶19} "The mootness doctrine prevents courts from deciding cases in which no controversy remains." *Heaney v. Crystal Clinic Orthopaedic Ctr., LLC*, 9th Dist. Summit No. 29579, 2020-Ohio-894, ¶ 6, citing *In re A.G.*, 139 Ohio St.3d 572, 2014-Ohio-2597, ¶ 37. It is the duty of the court "to decide actual controversies by a judgment which can be carried into effect"

and not to issue "opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Miner*, 82 Ohio St. at 238, quoting *Mills v. Green*, 159 U.S. 651, 633 (1895). For instance, "a case is moot where a judgment is sought on a matter that when rendered does not have any practical effect upon the issues raised by the pleadings[,]" *RLJ Mgt. Co., Inc. v. Baldwin*, 3d Dist. Crawford No. 3-01-16, 2001 WL 1613014, *2 (Dec. 18, 2001), or when there is "no actual genuine controversy which can definitely affect the parties' existing legal relationship[,]" *Harris v. Akron*, 9th Dist. Summit No. 24499, 2009-Ohio-3865, ¶ 7.

{¶20} When it is impossible to grant meaningful relief, the court must dismiss the case as moot. *See Miner* at syllabus. Dismissals on the basis of mootness present questions of law. *Harris* at ¶ 6. Accordingly, this Court reviews "the trial court's decision finding the instant matter moot under the de novo standard of review." *Id.*

{¶21} In his complaint, Mr. Tavenner alleged four different jurisdictional defects in support of his complaint for injunctive relief: 1) lack of jurisdiction because the third petition was not signed by a property owner; 2) lack of jurisdiction due to an inadequate bond being paid with the third petition; 3) lack of jurisdiction because the third petition was filed in the wrong venue; and 4) lack of jurisdiction due to two petitions being previously filed and dismissed. On appeal, Mr. Tavenner only argues error with regard to the last jurisdictional defect: multiple filings and dismissals of petitions.

{¶22} In his complaint for injunctive relief, Mr. Tavenner sought to enjoin the Board of Commissioners and Pittsfield Township "from proceeding further with hearings or improvements for the Brown Lateral Ditch Project." In support of his allegation that the Board of Commissioners lacked jurisdiction over the third petition, Mr. Tavenner alleged that 1) the third petition was

substantively the same as the first and second petitions, 2) both of the prior petitions had been dismissed, and 3) no appeals were perfected as to the prior petitions.

{¶23} At first glance it would appear that this jurisdictional argument is premised upon the third petition and thus the withdrawal of the third petition would render the argument moot. However, upon closer examination, Mr. Tavenner's allegations are not specific to the third petition, but rather are broad in that he alleges "no owners may refile *a substantively similar petition*, and the county commissioners are without jurisdiction to reconsider *a petition* they have already dismissed twice before." (Emphasis added.) The allegations in Mr. Tavenner's complaint suggest that the substantively same petition is being repeatedly filed and dismissed. This position is bolstered by the fact that the third petition was dismissed and a fourth petition has since been filed during the pendency of this appeal.

{¶24} On appeal, Mr. Tavenner contends that the three Brown Lateral Project petitions have been adjudicated based upon each petition being filed and dismissed. Mr. Tavenner is seeking a judgment as to the Board of Commissioners' jurisdiction to hear any further petitions that are substantively similar to the first and second petitions—and now the third petition—that were each dismissed. This is an actual justiciable controversy which can affect the existing legal relationship of Mr. Tavenner and the Board of Commissioners relative to the Brown Lateral Project. *Harris*, 2009-Ohio-3865, at ¶ 7. If the trial court was to render a judgment in favor of Mr. Tavenner, the Board of Commissioners would not be able to hear any further petitions or proceed with improvements for the Brown Lateral Project. This would stop further repetitive filings and dismissals of petitions and essentially create a forever bar to the Brown Lateral Project. Such a judgment from the trial court would have a practical effect on this jurisdictional issue raised in the complaint. *See RLJ Mgt. Co., Inc.*, 2001 WL 1613014, at *2. Therefore, it is possible for

the trial court to grant meaningful relief as to this jurisdictional issue in Mr. Tavenner's complaint for injunctive relief.

**{¶25}** This Court takes no position on the merits of Mr. Tavenner's jurisdictional argument. However, based upon the foregoing, we conclude that the trial court erred when it dismissed Mr. Tavenner's complaint for mootness as it pertained to the jurisdictional question of repetitive filings and dismissals of petitions for the Brown Lateral Project.

**{¶26}** Mr. Tavenner's fifth assignment of error is sustained.

### ASSIGNMENT OF ERROR NO. 3

THE TRIAL COURT ERRED IN DETERMINING THAT [MR. TAVENNER] HAS A REMEDY FOR MATTERS OF JURISDICTION UNDER THE DITCH PETITION APPEAL PROCESS IN R.C. CHAPTER 6131.

### ASSIGNMENT OF ERROR NO. 4

THE TRIAL COURT ERRED DETERMINING THAT IT CANNOT ORDER INJUNCTIVE RELIEF TO [MR.] TAVENNER.

**{¶27}** Mr. Tavenner argues in his third and fourth assignments of error, that the trial court erred in its determinations that he has a remedy under R.C. Chapter 6131 and that injunctive relief was unavailable to him.

**{¶28}** In the instant matter, the trial court dismissed the complaint for injunction based upon its conclusions that there was no justiciable issue and the complaint was moot. After its determination that there was no justiciable issue before it, the trial court went on to state that "[t]he proper method of challenge is to attack the petition itself within the statutory framework [R.C. 6131.01 et seq.] then existing[]" and that the court could not order the remedy sought by Mr. Tavenner, the creation of "a forever bar to stormwater management relative to the drainage ditch on the parcel" due to noncompliance with the statutory requirements. In these assignments of error Mr. Tavenner challenges the trial court's subsequent statements.

{¶29} The trial court's statements that Mr. Tavenner has a remedy under R.C. Chapter 6131 and that injunctive relief was unavailable to him were not necessary to the trial court's judgment dismissing the complaint because there was no justiciable issue and the complaint was moot. As these statements were unnecessary to the trial court's decision, this Court takes no position regarding their substance.

{¶30} Mr. Tavenner's third and fourth assignments of error are overruled.

## ASSIGNMENT OF ERROR NO. 6

THE TRIAL COURT ERRED IN NOT GRANTING TEMPORARY INJUNCTIVE RELIEF WHILE THE MATTER WAS HEARD.

{¶31} Mr. Tavenner's sixth assignment of error states that the trial erred by not granting his motion for temporary restraining injunction while the case was before the trial court.

{¶32} Notably absent from this assignment of error is any argument in support of the stated assignment of error. *See* App.R. 16(A)(7). Rather than developing an argument in support of his stated assignment of error that the trial court failed to rule on his motion for temporary injunctive relief, Mr. Tavenner refers this Court to his prior filings seeking injunctive relief, emphasizes a few crucial points as to why he is entitled to injunctive relief, and asks this Court to issue a preliminary injunction and remand the case to the trial court to hear his jurisdictional claims.

{¶33} It is Mr. Tavenner's duty to identify the trial court's error and to develop an argument in support of his contentions. *See* App.R. 16(A)(7). This Court has repeatedly stated that "[i]f an argument exists that can support this assignment of error, it is not this court's duty to root it out." *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998). Accordingly, we overrule Mr. Tavenner's sixth assignment of error. *See* App.R. 12(A)(2); App.R. 16(A)(7).

III.

**{¶34}** Mr. Tavenner's first, second, third, fourth, and sixth assignments of error are overruled and his fifth assignment of error is sustained.  The judgment of the Lorain County Court of Common Pleas is affirmed in part, reversed in part, and the matter is remanded to the trial court for further proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, P. J.
CARR, J.
CONCUR.

APPEARANCES:

MATTHEW ROLF, Attorney at Law, for Appellant.

J.D. TOMLINSON, Prosecuting Attorney, and GREG PELTZ, Assistant Prosecuting Attorney, for Appellee.