[Cite as *State ex rel. Rodriguez v. Lorain County Joint Vocational School*, 2025-Ohio-127.]

STATE OF OHIO        )             IN THE COURT OF APPEALS
                           )ss:         NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN     )

STATE OF OHIO EX REL. JASON
RODRIGUEZ

       Relator                           C.A. No.       22CA011911

       v.

LORAIN COUNTY JOINT            ORIGINAL ACTION IN
VOCATIONAL SCHOOL             MANDAMUS

       Respondent

Dated: January 21, 2025

PER CURIAM.

**{¶1}** Relator, Jason Rodriquez, has petitioned this Court for a writ of mandamus compelling Respondent, the Lorain County Joint Vocational School District, to convert his limited teaching contract to a continuing contract. The District has moved to dismiss the petition, and Mr. Rodriguez has responded. This Court grants the District's motion to dismiss because this matter is moot.

### Mr. Rodriguez's Petition

**{¶2}** Mr. Rodriguez's petition alleges that he was employed by the District under a three-year limited instructional contract for the school years 2019-2020, 2020-2021, and 2021-2022. He alleges that he became eligible for continuing-contract status in January 2021; that he informed the District of his eligibility; and that by operation of law, his reemployment for the 2021-2022 school year was under a continuing contract. Mr. Rodriguez also alleges that, by operation of law, his one-year limited contract of employment for the 2022-2023 school was under a continuing

contract. According to Mr. Rodriguez, the District refused to enter into a continuing contract with him for 2021-2022 and 2022-2023. His complaint maintains that he had a clear legal right to employment under a continuing contract for 2021-2022 and 2022-2023, that the District had a corresponding clear legal duty to employ him under a continuing contract for those terms, and that he did not have an adequate remedy at all. Consequently, Mr. Rodriguez petitioned this Court for a writ directing the District to employ him under a continuing contract for the 2021-2022 and 2022-2023 school years.

## Requirements for a Writ of Mandamus

{¶3}    The appropriate vehicle to secure rights under R.C. 3319.08 is mandamus. *See State ex rel. Voss v. Northwest Loc. Bd. of Educ.*, 66 Ohio St.2d 274, 276-277 (1981). To establish that he is entitled to a writ of mandamus, Mr. Rodriguez must therefore demonstrate that he has a clear legal right to the relief that he has requested, that the District has a clear legal duty to provide it, and that he has no adequate remedy in the ordinary course of law. *State ex rel. Singer v. Fairland Loc. School Dist. Bd. of Educ.*, 2017-Ohio-8368, ¶ 7.

## The Mootness Doctrine

{¶4}    It is this Court's duty to decide actual controversies, and when an actual controversy no longer exists, we must dismiss a case as moot. *State ex rel. Grendell v. Geauga Cty. Bd. of Commrs.*, 2022-Ohio-2833, ¶ 9. "Mandamus will not issue to compel a vain act." *State ex rel. Burdons v. Beachwood*, 2022-Ohio-748, ¶ 14. The Supreme Court of Ohio has observed that "[a]n act is in vain when the underlying dispute has become moot, such that relief in the pending lawsuit would not affect the outcome." *Id.* Stated differently, "A case is moot when '"without any fault of the defendant, an event occurs which renders it impossible for [a] court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever."'" *State ex rel. Wood v.*

*Rocky River*, 2021-Ohio-3313, ¶ 13, quoting *State ex rel. Eliza Jennings, Inc. v. Noble*, 49 Ohio St.3d 71, 74 (1990).

{¶5} When this Court declines to exercise jurisdiction over a moot question, we do not reach the issue of whether the complaint failed to state a claim upon which relief can be granted. *Tavenner v. Pittsfield Twp. Bd. of Trustees*, 2022-Ohio-4444, ¶ 7 (9th Dist.). Although a court cannot rely on evidence outside the complaint in determining a Civ.R. 12(B)(6) motion, a court can rely on extrinsic evidence to determine that a matter is moot. *State ex rel. Ames v. Summit Cty. Court of Common Pleas*, 2020-Ohio-354, ¶ 5-6. *See also State ex rel. Richard v. Wells*, 64 Ohio St.3d 76 (1992) (concluding that mootness can be determined based on evidence submitted by the parties).

### Mr. Rodriguez's Petition is Moot

{¶6} In its motion to dismiss, the District maintained that Mr. Rodriguez's petition is moot because the District terminated his employment on January 30, 2023. The District provided this Court with minutes of a special board meeting conducted on that date that indicated a pre-disciplinary hearing had been scheduled, but Mr. Rodriguez did not attend. The minutes also included a resolution to suspend Mr. Rodriguez without pay pending termination for cause. Mr. Rodriguez's response did not deny that his employment had been terminated, but he argued that his petition was not moot as a result. Specifically, he argues that under R.C. 3319.11(B), having been granted continuing-contract status by the District would shorten the amount of time that he had to wait to obtain that status in a subsequent teaching position.

{¶7} R.C. 3319.11(B) provides that continuing-contract status can be granted to teachers who are qualified under R.C. 3319.08(D) and who have taught in a district for at least three of the last five years. As Mr. Rodriguez suggests, that period of employment is shortened to two years

for "those teachers who, having attained continuing contract status elsewhere, have served two years in the district or center . . . ." Nonetheless, Mr. Rodriguez's employment with the District was terminated for cause. He no longer is party to a contract of any kind with the District. This Court cannot give him the relief that he requests, and this Court cannot compel the District to enter into a new contract with an employee who has been terminated for cause. Accordingly, this Court agrees that Mr. Rodriguez's petition is moot.

### Conclusion

{¶8}    Mr. Rodriguez's petition is moot. The District's motion to dismiss is granted, and this case is dismissed.

JENNIFER L. HENSAL
FOR THE COURT

STEVENSON, J.
FLAGG LANZINGER, J.
CONCUR.


APPEARANCES:

JASON RODRIGUEZ, Pro Se, Relator.

NICOLE M. DONOVSKY and ERIN E. BUTCHER, Attorneys at Law, for Respondent.