[Cite as *Lester v. Boyer*, 2025-Ohio-4430.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| WENDEE LESTER | Case No. 25-CA-00010 |
| Relator | Opinion And Judgment Entry |
| -vs- | Original Action |
| TINA BOYER, JUDGE AND JAMIE FARMER, MAGISTRATE | Judgment: Dismissed |
| Respondents | Date of Judgment Entry: September 22, 2025 |

**BEFORE:** WILLIAM B. HOFFMAN, P.J., ANDREW J. KING, J., KEVIN W. POPHAM, J., Appellate Judges

**APPEARANCES:** JOHN H. COUSINS IV, for Relator; TERRY RUGG, for Respondents.

OPINION

*Popham, J.,*

{¶1} On July 17, 2025, Relator Wendee Lester filed a Complaint for Writ of Prohibition. Lester's complaint arises from two competing divorce proceedings: one filed in Perry County, Case No. 25-DV-00087 ("Perry County divorce action"), and the other filed in Franklin County, Case No. 25 DR 001017 ("Franklin County divorce action"). Relator seeks an order from this Court prohibiting Respondents, the Honorable Tina M. Boyer and the Honorable Jamie Farmer, from exercising further jurisdiction in the Perry County divorce action. She also asks this Court to stay proceedings in Perry County and to award costs and other relief deemed just.

{¶2} On August 21, 2025, Respondents filed a Motion to Dismiss Writ of Prohibition, or, in the Alternative to Stay Proceedings. Separately, Robert Lester, Respondent's husband, moved on August 25, 2025, to intervene and also requested a dismissal or denial of the writ. On September 9, 2025, Robert Lester filed a Memorandum in Opposition to Respondents' Alternative Motion for Stay, and Motion Requesting Leave to File Petition for Mandamus.[1] Relator has not responded to any of the motions filed by Respondents or Robert Lester.

{¶3} For the reasons that follow, we dismiss Relator's Complaint for Writ of Prohibition.

## I. Background

{¶4} On April 1, 2025, Relator filed a complaint for divorce against Robert Lester in the Franklin County Court of Common Pleas, Domestic Relations Division. She alleged venue was proper under Civ.R. 3(C)(2), (3), (5), and (6). Relator requested service by process server on April 3, 2025, and certified mail service on April 8, 2025. According to Relator, service on Robert Lester was perfected at the Franklin County courthouse on May 7, 2025, at 11:08 a.m.

{¶5} On April 7, 2025, Robert Lester filed his own divorce complaint in Perry County, where a process server allegedly served Relator on May 6, 2025. Although Relator argues Robert Lester was served with the Franklin County divorce action before she was served in Perry County, Relator's complaint alleges otherwise. Relator avers, in her complaint, that she was served in the Perry County divorce action one day prior to Robert Lester being served in the Franklin County divorce action. Complaint, ¶ 9, 11.

---

[1]Robert Lester's motions are addressed in separate Judgment Entries filed simultaneously with this opinion.

{¶6} On May 8, 2025, Relator moved to dismiss the Perry County divorce action under the jurisdictional priority rule. On May 23, 2025, Magistrate Farmer issued an order finding venue improper in Franklin County under Civ.R. 3(C)(9) and concluding that Perry County was the proper venue. Relator moved to set aside that order, and a hearing was scheduled for July 16, 2025.

{¶7} Meanwhile, on June 4, 2025, Robert Lester moved to dismiss the Franklin County divorce action. On July 11, 2025, Judge Boyer placed the Perry County divorce action on the inactive docket pending the Franklin County Court's ruling, and she vacated the hearing on Relator's motion to set aside.

{¶8} On August 12, 2025, the Franklin County Court granted Robert Lester's motion to dismiss, concluding Civ.R. 3(C)(9) controlled venue and rendered Franklin County improper. That same day, Relator filed a notice of appeal to the Tenth District Court of Appeals. Judge Boyer thereafter issued an entry keeping the Perry County divorce action on the inactive docket until the Tenth District resolves the pending appeal.

## II.    Prohibition elements/Civ.R. 12(B)(6) standard

{¶9} To be entitled to a writ of prohibition, Relator Lester must establish: (1) Respondents are about to exercise judicial power, (2) the exercise of power is unauthorized by law, and (3) denying the writ would result in injury for which no adequate remedy exists in the ordinary course of law. (Citation omitted.) *State ex rel. Duke Energy Ohio, Inc. v. Hamilton Cty. Court of Common Pleas*, 2010-Ohio-2450, ¶ 16. "'If a lower court patently and unambiguously lacks jurisdiction to proceed in a cause, prohibition . . . will issue to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions.'" *Id*. at ¶ 17, quoting *State ex rel.*

*Mayer v. Henson*, 2002-Ohio-6323, ¶ 12, citing *State ex rel. Dannaher v. Crawford*, 78 Ohio St.3d 391, 393 (1997).

{¶10} "'Where jurisdiction is patently and unambiguously lacking, [a relator] need not establish the lack of an adequate remedy at law because the availability of alternate remedies like appeal would be immaterial.'" *Id*., quoting *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 2008-Ohio-2637, ¶ 15 "Absent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging the court's jurisdiction possesses an adequate remedy by appeal." *State ex rel. Willacy v. Smith,* 78 Ohio St.3d 47, 51 (1997), citing *State ex rel. Fraternal Order of Police, Ohio Labor Council, Inc. v. Franklin Cty. Court of Common Pleas*, 76 Ohio St.3d 287, 289 (1996). Therefore, an available appeal will foreclose relief in prohibition, as extraordinary relief is not available to "circumvent the appellate process." *State ex rel. Lewis v. Moser*, 72 Ohio St.3d 25, 28 (1995).

{¶11} Respondents request dismissal of Relator Lester's petition under Civ.R. 12(B)(6). The purpose of a Civ.R. 12(B)(6) motion is to test the sufficiency of the complaint. *State ex rel. Boggs v. Springfield Loc. School Dist. Bd. of Edn.*, 72 Ohio St.3d 94, 95 (1995), citing *State ex rel. Hanson v. Guernsey Cty. Bd.. of Commrs.*, 65 Ohio St.3d 545, 548 (1992). In order for a case to be dismissed for failure to state a claim, it must appear beyond doubt that, even assuming all factual allegations in the complaint are true, the nonmoving party can prove no set of facts that would entitle that party to the relief requested. *Keith v. Bobby*, 2008-Ohio-1443, ¶ 10, citing *State ex rel. Turner v. Houk*, 2007-Ohio-814, ¶ 5.

**III.**

*A. Relator Lester's Complaint for Writ of Prohibition is moot.*

{¶12}   This Court is tasked with deciding actual controversies, and when an actual controversy no longer exists, we must dismiss a case as moot. *State ex rel. Rodriguez v. Lorain Cty. Joint Vocational School*, 2025-Ohio-127, ¶ 4 (9th Dist.), citing *State ex rel. Grendell v. Geauga Cty. Bd. of Commrs.*, 2022-Ohio-2833, ¶ 9. "Mootness presents a question of jurisdiction because a lack of an actual case or controversy between the parties renders it necessarily impossible for a court to grant any meaningful relief." *Brown v. Dayton*, 2012-Ohio-3493, ¶ 10 (2nd Dist.), citing *Miner v. Witt*, 82 Ohio St. 237, 238-239 (1910).

{¶13}   Further, we will not issue a writ of prohibition when doing so would be a vain act and the circumstances no longer require it. *See generally State ex rel. Cotton v. Ghee*, 84 Ohio St.3d 54, 55 (1998) (recognizing that the court will not grant a writ to compel a vain act). "An act is in vain when the underlying dispute has become moot, such that relief in the pending lawsuit would not affect the outcome." *State ex rel. Burkons v. Beachwood*, 2022-Ohio-748, ¶ 14.

{¶14}   Thus, "[a] case is moot when without any fault of the defendant, an event occurs which renders it impossible for [a] court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever." (Cleaned up.) *State ex rel. Wood v. Rocky River*, 2021-Ohio-3313, ¶ 13, quoting *State ex rel. Eliza Jennings, Inc. v. Noble*, 49 Ohio St.3d 71, 74 (1990), quoting *Mills v. Green*, 159 U.S. 651, 653 (1895). "[A] judgment dismissing a complaint as moot means the trial court has declined to exercise jurisdiction over the matter . . . and it necessarily follows that such a dismissal does not

reach the issue of whether the complaint failed to state a claim upon which relief can be granted." *Tavenner v. Pittsfield Twp. Bd. of Trustees*, 2022-Ohio-4444, ¶ 7 (9th Dist.).

{¶15} In determining whether a case is moot, courts may consider evidence beyond the pleadings. *State ex rel. Ames v. Summit Cty. Court of Common Pleas*, 2020-Ohio-354, ¶ 5-6; *State, ex rel. Richard v. Wells*, 64 Ohio St.3d 76, 77 (1992) (concluding that mootness can be determined based on evidence submitted by the parties). In original actions, a court is not limited to facts as they existed when the action was commenced but should consider facts as they exist at the time of decision. *State ex rel. Newton v. Court of Claims*, 73 Ohio St.3d 553, 557 (1995).

{¶16} Here, Respondents referenced and attached two additional Judgment Entries from the Perry County divorce action issued after Relator Lester filed this action. The first dismissed the Franklin County divorce action. The second placed the Perry County divorce action on the inactive docket pending a decision from the Tenth District Court of Appeals on whether the Franklin County dismissal was proper.

{¶17} Because of these two entries, this Court cannot grant Relator Lester the relief she requests. The Franklin County divorce action was dismissed, leaving no basis to challenge venue or to preclude the Perry County Court from exercising jurisdiction. Moreover, Relator Lester sought to stay the Perry County proceeding pending resolution of this writ, but Respondent Judge Boyer has already placed that matter on the inactive docket until the Tenth District resolves the appeal. Thus, granting prohibition relief in the present matter would not affect the outcome because Respondents are not exercising further jurisdiction and the case has effectively been stayed.

{¶18}   For these reasons, we find Relator Lester's writ is moot, and we decline to exercise jurisdiction over this matter.

### B. *Relator Lester has an adequate remedy at law.*

{¶19}   Even if this matter were not moot, dismissal is still required because Relator Lester has an adequate remedy at law. "'Extraordinary relief in mandamus or prohibition generally does not lie to challenge a decision on a motion to change venue because appeal following a final judgment provides an adequate legal remedy.'" *State ex rel. Yeaples v. Gall*, 2014-Ohio-4724, ¶ 33, citing *State ex rel. Banc One Corp. v. Walker*, 86 Ohio St.3d 169, 173 (1999); *State ex rel. Lyons v. Zaleski*, 75 Ohio St.3d 623, 624 (1996).

{¶20}   This conclusion is underscored by the fact that Relator Lester has, in fact, appealed the dismissal of her Franklin Count divorce action. That appeal provides her with an adequate legal remedy at law.

{¶21}   Therefore, even assuming the case were not moot, dismissal is still appropriate under Civ.R. 12(B)(6).

### IV. Conclusion

{¶22}   For the foregoing reasons, this Court lacks jurisdiction over this matter because it is moot, and we therefore dismiss it. Alternatively, even if not moot, we grant Respondents' Motion to Dismiss under Civ.R. 12(B)(6) because Relator Lester has an adequate remedy at law by way of appeal. We also deny Relator's request, in the alternative, to stay the proceedings.

{¶23}   The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

{¶24}   COMPLAINT FOR WRIT OF PROHIBITION IS DISMISSED.

{¶25} ALTERNATIVE REQUEST FOR STAY OF PROCEEDINGS IS DENIED.

{¶26} COSTS TO RELATOR.

{¶27} IT IS SO ORDERED.

For the reasons stated in our accompanying Opinion, the Writ of Prohibition is Dismissed.

Costs to Relator.

By: Popham J.

Hoffman, P.J. and

King, J. concur.